**Edwin A. Harnden,** OSB No. 721129
eharnden@barran.com
**Shayda Zaerpoor Le,** OSB No. 121547
sle@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Eugene

| | |
|---|---|
| KAREN STOKES and JENNIFER MORLOK, | **CV. 6:15-cv-02104-TC** |
| Plaintiffs, | |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES** |
| UNIVERSITY OF OREGON, and SHELLY KERR, ROBIN HOLMES, JOSEPH DEWITZ, KATHIE STANLEY, JOHN ROE and JANE ROE in their individual capacities, | |
| Defendants. | |

In this answer the University corrects the record on various matters. In particular, contrary to Plaintiffs' allegations, no medical or other confidential or privileged information from any student record was ever improperly reviewed by university personnel. Moreover, although Plaintiffs may have misunderstood that fact when issuing their open "Letter of Concern," the University never retaliated against Plaintiffs. To the contrary, the University gave them an outstanding employee award for doing so. Furthermore, the University made good-faith

Page 1 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

efforts to retain plaintiff Morlok, but she left the University anyway. Plaintiff Stokes continues to be employed at the University. As outlined in more detail below, the University therefore denies that it: (1) retaliated against Plaintiffs for exercising First Amendment and whistleblowing rights; (2) deprived Plaintiffs of Title IX rights; (3) discriminated against Plaintiffs based on disability; or (4) violated any of Plaintiffs' rights under the FMLA or OFLA.

Accordingly, Defendants University of Oregon ("University"), Shelly Kerr ("Kerr"), Robin Holmes ("Holmes"), Joseph DeWitz ("DeWitz"), and Kathie Stanley, ("Stanley"), collectively "Defendants", in Answer to Plaintiffs' Complaint, admit, deny, and allege as follows:

## I.    INTRODUCTION

### 1.

In answer to paragraph 1 of Plaintiffs' Complaint, Defendants deny that they violated any law or committed any wrong, and deny that Plaintiffs are entitled to any relief.

## II.    PARTIES

### 2.

Defendants admit the allegations contained in paragraphs 2 – 6 of Plaintiffs' Complaint, which relate to employment and residency status and the fact that the University is subject to Title IX.

### 3.

In answer to paragraph 7 of Plaintiffs' Complaint, Defendants deny that Holmes created or contributed to a hostile work environment, approved or directed adverse actions against Plaintiffs, or created or fostered a hostile work environment, but admit Holmes was the Vice President for Student Life at the University of Oregon, was a resident of the State of Oregon, and was acting under color of state law and within the scope of her employment and duties.

//

Page 2 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

4.

In answer to paragraph 8 of Plaintiffs' Complaint, Defendants admit that DeWitz is a resident of the State of Oregon, but clarify that at all material times DeWitz's title was the Assistant Director/Clinical Director for the University Counseling and Testing Center.

5.

In answer to paragraph 9 of Plaintiffs' Complaint, Defendants deny that Stanley created or contributed to a hostile work environment, approved or directed adverse actions against Plaintiffs, or created or fostered a hostile work environment, but admit that Stanley is a resident of the State of Oregon and that at all material times was the Associate Vice President and Chief of Staff of the University's Division of Student Life.

6.

In answer to paragraph 10 of Plaintiffs' Complaint, Defendants lack sufficient knowledge of the identity of John and Jane Roe or their actions and therefore deny the allegations contained in paragraph 10.

### III.    JURISDICTION AND VENUE

7.

In answer to paragraphs 11 and 12 of Plaintiffs' Complaint, Defendants admit that this court has jurisdiction over Plaintiffs' claims and that venue is proper, subject to Defendants' Eighth Affirmative Defense, stated below.

### IV.    FACTS – STOKES

8.

Defendants admit the allegations contained in paragraph 13 of Plaintiffs' Complaint, which relate to Stokes' work assignments.

//

//

Page 3 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

9.

In answer to paragraph 14 of Plaintiffs' Complaint, Defendants deny the allegation that Kerr instructed Stokes against documenting that the student's file was copied, or that this was the usual procedure with regards to records. Defendants admit that Kerr requested that Stokes make a complete copy of a student's medical file so that it could be preserved by the University's General Counsel's office consistent with a litigation-hold directive received from the student's attorney. The student's attorney had previously provided the University's attorneys with a copy of the student's records in a mediation—with the student's consent—with only a few redactions, and any privilege those records originally had was therefore already voluntarily waived.

10.

In answer to paragraphs 15-17 of Plaintiffs' Complaint, Defendants lack sufficient knowledge to respond to the allegations contained therein and therefore deny the same. Defendants further deny Plaintiffs' characterization that the student's file was requested or copied outside of normal procedure and protocol for providing medical records to General Counsel. Further, in August 2014, Kerr consulted with Morlok and advised her to inform the student that litigation may result in her treatment records being turned over to the University's attorneys and to obtain the student's informed consent to continue treatment in those circumstances. Defendants further deny the allegation that the University's attorneys were adverse to the student's interests—the file was requested at the direction of the student's own attorney and the University implemented the demands made by the student's attorney in the litigation hold notice referenced above. Defendants further respond that Stokes did not raise any concerns regarding the student's file with Kerr, nor even discuss any questions about the process.

11.

In answer to paragraph 18 of Plaintiffs' Complaint, Defendants lack sufficient knowledge to respond to the allegations contained therein and therefore deny the same. Defendants deny the

Page 4 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

allegation that the student's attorney had instructed the University not to access the student's records at all.   To the contrary, as referenced above, the student's attorneys had previously provided the University's attorneys with a stack of the student's counseling records and confirmed via email that the student consented to that.   Defendants admit that Stokes was absent from work, and that Kerr hand-delivered a copy of the student's file to the General Counsel's office so it would be preserved.

12.

In answer to paragraph 19 of Plaintiffs' Complaint, Defendants lack sufficient knowledge to respond to the allegations contained therein because Defendants do not know plaintiffs' state of mind, and therefore deny the same.   In further response to paragraph 19, Defendants deny there was any unauthorized or otherwise unlawful disclosure of any records or that the University did not respond to Plaintiffs' stated concerns about the records.   Numerous explanations were provided both by email and through in-person conversations.   Defendants also clarify that all complaints Plaintiffs filed against the University's attorneys were summarily dismissed.

13.

In answer to paragraph 20 of Plaintiffs' Complaint, Defendants lack sufficient knowledge to respond to the allegations contained therein and therefore deny the same.

14.

In answer to paragraph 21 of Plaintiffs' Complaint, Defendants deny that Plaintiffs properly characterized the underlying events or circumstances, but admit a "Letter of Concern" was received by University administrators and employees of the counseling center.

15.

In answer to paragraph 22 of Plaintiffs' Complaint, Defendants deny that Kerr began removing some of Stokes' job responsibilities on February 9, 2015.   Stokes engaged in the

Page 5 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

interactive process with the University to request accommodations for disability under the Americans with Disabilities Act as early as September 2, 2014, long before the "Letter of Concern" that was received in February, 2015. As a result of the ADA interactive process, some of Stokes' duties were removed prior to February 9, 2015, as an accommodation to her, and in response to her initiation of the ADA process. This process took place through the Office of Affirmative Action and Equal Employment Opportunity ("OAAEO"), which is completely separate from the University Counseling and Testing Center, and was documented extensively.

16.

In answer to paragraph 23 of Plaintiffs' Complaint, Defendants admit that Stokes utilized family medical leave for the stated purpose of attending to her father.

17.

In answer to paragraph 24 of Plaintiffs' Complaint, Defendants deny the allegations, except that Defendants admit that Stokes returned to work on March 2, 2015. Defendants further respond that the University did not reassign multiple job duties to other employees upon Stokes' return without explanation. A number of Stokes' job duties had been reassigned as part of the ADA accommodation process, to which Stokes had not raised concerns. Additional tasks were reassigned during the time that Stokes utilized family medical leave in order to accommodate her absence. Upon Stokes' return, Kerr emailed Stokes and instructed Stokes to check in on tasks and projects that were in progress prior to Stokes' utilization of leave in order to determine what had been completed in her absence. Kerr emailed Stokes again a few days later to inquire what tasks and projects Stokes was working on that week and Stokes responded that she would get back to Kerr soon. Upon receiving that list, Kerr responded with instructions regarding priorities, and met with Stokes on March 6, 2015 to discuss.

//

//

Page 6 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

18.

In answer to paragraph 25 of Plaintiffs' Complaint, Defendants admit that some responsibilities were temporarily reassigned until the conclusion of an investigation. This was based upon concerns about the possibility that confidential information might have been compromised. Defendants further respond that Kerr clearly communicated to Stokes that such changes may be temporary, that changes would be communicated to Stokes, and that Stokes should not hesitate to speak with Kerr regarding any questions. Stokes specifically inquired if Kerr was referring to Stokes no longer being in the position of Executive Assistant, and Kerr clarified that this was not the case.

19.

Defendants admit the allegations contained in paragraph 26 and 27 of Plaintiffs' Complaint, which relate to Stokes and Morlok attending a meeting with an outside investigator. Defendants further respond that the outside investigator was appointed to review and evaluate Plaintiffs' Letter of Concern.

20.

In answer to paragraph 28 of Plaintiffs' Complaint, Defendants deny the allegations that Stokes and the University's Affirmative Action administrator discussed termination from her position. Defendants admit that Stokes met with the University's Affirmative Action administrator. Defendants further respond that prior to Stokes' involvement with the Letter of Concern, the OAAEO had concluded that Stokes was not satisfactorily performing the duties of her position despite the reasonable accommodations that had been implemented since the prior calendar year. These processes, evaluations, and conclusions were well-documented. Based upon that evaluation and conclusion, the OAAEO was preparing to offer to move Stokes to the transfer process as a form of accommodation, in an effort to provide Stokes with an opportunity to transition to another position she was qualified to perform. Stokes met with a University

Page 7 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

employee in Equal Opportunity, Anne Bonner, on March 20, 2015 at 9:00 a.m. The status of the ADA process was discussed, and the offer was made to move Stokes to the transfer process. Stokes was informed that if she elected to move to the transfer process, she would leave her current position with the University Counseling and Testing Center as of March 27, 2015. When Stokes expressed the feeling that moving to the transfer process may be retaliation, Bonner emphasized that the ADA transfer process was an option, one which Stokes did not have to elect to choose. There was no discussion of termination. Stokes confirmed that she would elect to move to the transfer process.

21.

In answer to paragraph 29 of Plaintiffs' Complaint, Defendants deny the allegation that there was any pretext for the determination about Stokes' performance of her job duties, or that the determination was reached without input from Stokes. Defendants further respond that Stokes provided her own input about how things were going, how she perceived her interactions with her supervisor, how she felt in her current position, and even stated, "I need to be out of there." Defendants specifically deny that Stokes was told that there was no evidence that she could not do her job on January 9, 2015. Performance appraisals establish that there were concerns about Stokes' performance of her job duties well before her involvement with the Letter of Concern.

22.

In answer to paragraph 30 of Plaintiffs' Complaint, Defendants deny the allegations, including that the investigator was targeting Plaintiffs' actions or gathering information to use against Plaintiffs. Defendants admit that Stokes and Morlok met with an investigator on March 20, 2015. The investigator has prior experience conducting workplace investigations, including investigations related to accessing patient medical records. The purpose of this investigation was to review and independently evaluate the "concerns" raised by Plaintiffs in the Letter of

Page 8 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Concern.

23.

In answer to paragraph 31 of Plaintiffs' Complaint, Defendants deny there was any retaliation against Stokes or that Stokes was terminated.

24.

In answer to paragraph 32 of Plaintiffs' Complaint, Defendants deny the allegation that Stokes was terminated from her position. Stokes was moved to the transfer process and continued in the employ of the University and received her wages while the University worked to identify a suitable alternative position. Stokes elected to take this route after she was expressly notified that this was an option available to her to choose, not a requirement.

25.

In answer to paragraph 33 of Plaintiffs' Complaint, Defendants deny the allegation that Stokes was removed from her UCTC position; she elected to utilize the transfer process, which was an option she was free to decline. Stokes was offered the first available and vacant position for which she was qualified, based on the information that Stokes provided to Human Resources. The position Stokes was offered was in University Housing, not in the University Counseling and Testing Center, and was overseen by a different Director. The other positions to which Plaintiff refers were either not equivalent or comparable transfers, or Stokes did not meet the minimum qualifications.

26.

In answer to paragraph 34 of Plaintiffs' Complaint, Defendants deny the allegation that the University refused to offer transfer options. The University engaged with Stokes under the ADA and offered Stokes a comparable position for which she was qualified, based on the information she provided to Human Resources. The University did not offer positions which were not comparable, or for which Stokes did not meet the minimum qualifications.

Page 9 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

27.

In answer to paragraph 35 of Plaintiffs' Complaint, Defendants respond that Stokes declined the University's offer of transfer to a vacant, equivalent position and instead elected to work on a special projects assignment for the duration of her current contract. The transfer process which Stokes elected generally lasts 60 days. In contrast, the University gave Stokes an entire year's renewal of her contract.

## V.    FACTS – MORLOK

28.

Defendants admit the allegations contained in paragraphs 36 and 37 of Plaintiffs' Complaint, which relate to Morlok's work assignments.

29.

In answer to paragraph 38 of Plaintiffs' Complaint, Defendants respond that the student's attorney sought a letter of summary from Morlok, not for purposes of treatment or care, but for use in mediation with the University, seeking information such as potential future therapy costs.

30.

In answer to paragraph 39 of Plaintiffs' Complaint, Defendants admit that Kerr told Morlok to hold off on writing a letter, but clarify that Kerr sought to first confer with the General Counsel's Office.

31.

In answer to paragraph 40 of Plaintiffs' Complaint, Defendants admit that Kerr told Morlok not to write the letter, but deny that this direction was contrary to how summary letters had been treated in the past. Defendants further respond that Kerr explained to Morlok that the requested letter was not for treatment or transition of care but rather for the student's attorney, that a request which was legal in nature should be routed to the University's counsel, and that a summary letter was not necessary in light of the University's release of the entire student file to

Page 10 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

the student's attorney.

32.

In answer to paragraph 41 of Plaintiffs' Complaint, Defendants lack sufficient knowledge to respond to the allegations contained therein and therefore deny the same. Defendants further deny that Morlok was instructed to deny the student a service which others had been given in the past. This student was provided with a complete copy of her file. Defendants also clarify that although it may be common to provide summary treatment letters for purposes of transferring medical services, the summary in this case was for an outside attorney and not for transferring medical services.

33.

In answer to paragraph 42 of Plaintiffs' Complaint, Defendants respond that Kerr notified Morlok that she was not to contact University General Counsel directly, as staff members are to work through directors. Defendants further respond that Morlok did receive and utilize the opportunity to meet with University Counsel to discuss her concerns.

34.

In answer to paragraph 43 of Plaintiffs' Complaint, Defendants admit that Morlok notified Kerr that she had written and signed a letter of summary and placed it in the student's file. Defendants lack sufficient knowledge to respond to the remaining allegations because Defendants do not know Plaintiff's state of mind, and therefore deny the same.

35.

In answer to paragraph 44 of Plaintiffs' Complaint, Defendants deny that Kerr "came flying into Morlok's office." Defendants further respond that Kerr visited Morlok's office at the end of the day to discuss concerns about Morlok's actions in light of the instruction that a treatment summary was unnecessary where the entirety of the file was being provided to the student.

Page 11 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN llp
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

36.

In answer to paragraph 45 of Plaintiffs' Complaint, Defendants deny Plaintiffs' characterization of the conversation as "lectur[ing]."  Defendants further respond that Kerr expressed concern about Morlok's decision to disregard instructions regarding the treatment summary, as well as the fact that future decisions to behave inconsistently with expectations set by University leadership could result in disciplinary action.  Defendants agree that Kerr explained to Morlok that University matters were not to be discussed with outside counsel, and that Kerr wanted to be sure that Morlok was aware of this expectation.  Furthermore, Kerr reviewed the summary letter written by Morlok and it was provided with the student's file.

37.

In answer to paragraph 46 of Plaintiffs' Complaint, Defendants respond that Kerr sent an email to Morlok on November 19, 2015 in order to provide follow-up information in a clear and understandable manner.  Kerr wrote that she wanted "to clarify a couple of things and make sure [she was] providing enough structure/expectations for future situations."  Kerr further met with Morlok on November 20, 2015 to explain the University's concerns about Morlok's actions and set expectations for the future.  Kerr explained to Morlok that "[t]here may be times that you consult with your licensing board or other professional ethics board about your university related work.  However, you should not act on the advice received in those consultations without consulting with me, Joseph or Brooks to ensure that your actions are consistent with the expectations of your employment."

38.

In answer to paragraph 47 of Plaintiffs' Complaint, Defendants deny the allegation that DeWitz defended any particular statements by Kerr, or that Kerr threatened Morlok's job for presenting ethical or legal concerns.  Defendants admit that Morlok met with DeWitz. DeWitz attempted to ask questions of Morlok to better understand her perception of the interaction that

Page 12 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

occurred between Morlok and Kerr.  When DeWitz stated a desire to better understand the situation and help resolve any difficulty, Morlok indicated that she was not sure if she wanted to share further details.

39.

In answer to paragraph 48 of Plaintiffs' Complaint, Defendants deny the allegation that Morlok received a negative evaluation based on her writing a treatment summary for the student. Defendants admit that Morlok received an evaluation that included negative sections, but further respond that when Morlok asked about what the feedback was based upon, DeWitz stated that it was based upon a variety of situations and referenced examples that were unrelated to anything having to do with the student records in question.  DeWitz reiterated a desire to help with any difficulties and provide support, and specifically stated that Morlok could consider discussing her concerns with Kerr's supervisor, the OAAEO, or the University's Ombudsperson. Furthermore, when Kerr met with Morlok to discuss the same evaluation on January 9, 2015, the University Ombudsperson was present for the meeting, and he described his perception of the evaluation as being mostly positive.  The Ombudsperson recommended to Morlok that she sign the evaluation.

40.

In answer to paragraph 49 of Plaintiffs' Complaint, Defendants deny that Kerr requested that Stokes copy the student's medical records without documenting that copies had been made. Defendants lack sufficient knowledge to respond to the remaining allegations contained in paragraph 49 relating to communications between Morlok and Stokes and therefore deny the same.

41.

In answer to paragraphs 50 and 51 of Plaintiffs' Complaint, Defendants lack sufficient knowledge to respond to the allegations contained therein because Defendants do not know

Page 13 -- ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

Morlok's state of mind and therefore deny the same.

42.

In answer to paragraph 52 of Plaintiffs' Complaint, Defendants deny that Plaintiffs have properly characterized the underlying events or circumstances but admit that the student in question filed a suit.

43.

In answer to paragraph 53 of Plaintiffs' Complaint, Defendants respond that Kerr discussed the claim filed against the University and expressed concern about the way in which coverage of some aspects of the lawsuit might affect students' willingness to access services.

44.

In answer to paragraph 54 of Plaintiffs' Complaint, Defendants deny the allegation that DeWitz directed any comments towards Morlok or that he wished to sanction whoever made the report.  Defendants further respond that DeWitz was not aware that Morlok had anything to do with the release of any information.  Part of the staff discussion was centered on the fact that the Counseling Center staff were not aware of what information was being shared, with whom, or how, and in the context of that conversation DeWitz posed the question that if someone had done anything illegal or unethical he assumed that they could be sanctioned.  The question was not directed at or related to Morlok.

45.

In answer to paragraph 55 of Plaintiffs' Complaint, Defendants lack sufficient knowledge about the specifics of Morlok's complaint to the Psychology Board to respond to the allegations contained therein and therefore deny the same.  Defendants further deny that Plaintiffs have properly characterized Kerr's actions as a violation of State or Federal laws.

//

//

Page 14 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

46.

In answer to paragraph 56 of Plaintiffs' Complaint, Defendants admit that Morlok filed complaints with the Psychology Board against Holmes, DeWitz, and another UCTC administrator. Defendants further clarify that all of plaintiff's complaints to the Psychology Board were dismissed, except one, which is still pending.

47.

In answer to paragraph 57 of Plaintiffs' Complaint, Defendants deny that Plaintiffs have properly characterized the underlying events or circumstances. In particular, Defendants deny the allegation that "nonstandard" care was provided to students and further deny the insinuation that any improper accessing of medical records occurred. Defendants admit that Morlok and Stokes wrote a Letter of Concern.

48.

In answer to paragraphs 58 – 60 of Plaintiffs' Complaint, Defendants deny the allegations. Defendants further respond that Morlok sent an email on February 10, 2015 with an update on a student of concern related to mental health issues. She ended that email by saying, "Let me know how I can be of help." On February 11, 2015, Morlok sent an email about the same student asking two non-urgent administrative questions. Her emails of February 10th and 11th did not concern topics of an urgent nature. On February 12, 2015, Morlok sent an email expressing concern about not having a safety plan in place if the student were to come to the front desk. Being familiar with the file, Morlok would have been aware that there was no urgency for a safety plan, as the student in question was incarcerated, and had been trespassed from campus. In addition, an update had already been provided in a staff meeting the day prior to this email. Upon sending this email, Morlok received responses from three administrators, not solely DeWitz.

//

Page 15 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

49.

In answer to paragraph 61 of Plaintiffs' Complaint, Defendants deny the allegation that DeWitz made any false or retaliatory accusations to Morlok. Defendants admit that DeWitz met with Morlok on February 13, 2015, but further respond that DeWitz did not accuse Morlok of falsifying her calendar. DeWitz advised Morlok of his concern that Morlok had copied Holmes on an email with specific client information when there was no release from the client to share information with Holmes. Morlok would not clarify why she had done this beyond stating that she needed to because of campus safety. With respect to Morlok's calendar, DeWitz stated only that Morlok had used an incorrect appointment code and requested that she use the proper one for future documentation. During this meeting, Morlok did not make any statement about perceiving retaliation. On February 16, 2015, DeWitz received a voicemail message from Morlok stating that she appreciated their meeting of the 13th.

50.

In answer to paragraph 62 of Plaintiffs' Complaint, Defendants deny the allegation that Defendants ostracized Plaintiffs, discredited them, or cast them as the enemy. Defendants admit that there were UCTC staff meetings in which the Letter of Concern was referenced or discussed. It is customary for the department to conduct open meetings and discussions.

51.

In answer to paragraph 63 of Plaintiffs' Complaint, Defendants deny that Morlok was falsely accused of a Title IX violation. A student who was a victim of sexual violence provided information that the most difficult part of the experience in working with the University was that she could not obtain services from the Counseling Center. This was because on the date of the student's appointment, Morlok reportedly called the student crying and told the student that there was something going on with another student's sexual assault records and that Morlok could not come to work because the University was retaliating against her. The student reported being

Page 16 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

terrified to go the Counseling Center as a result and stated that the Counseling Center "seems like a scary place." This was extremely problematic because the University wants to and is legally required under Title IX to provide students experiencing sexual violence with counseling services. Accordingly, and in response to the information received, the University made efforts to engage with Morlok to address the situation and to ensure that Morlok was not discouraging students from receiving counseling services.

52.

In answer to paragraph 64 of Plaintiffs' Complaint, Defendants deny that Plaintiffs have properly characterized the underlying circumstances or communications regarding the independent review. Defendants admit that the results of the investigation and review were shared with only senior clinical staff.

53.

In answer to paragraph 65 of Plaintiffs' Complaint, Defendants deny Plaintiffs' characterization of the referenced Department of Education Guidance.

54.

In answer to paragraph 66 of Plaintiffs' Complaint, Defendants respond that the Board of Psychology proposed discipline relating to Kerr. This discipline is still not final, and is pending review by an administrative law judge.

55.

In answer to paragraph 67 of Plaintiffs' Complaint, Defendants deny there was any retaliation against Morlok.

56.

In answer to paragraph 68 of Plaintiffs' Complaint, Defendants deny the allegation that Morlok was forced to resign. Defendants further respond that Morlok resigned her position voluntarily. Even after Morlok's voluntary resignation, the University provided her with an

Page 17 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

unconditional offer of reinstatement.

## VI.    CLAIMS

### PLAINTIFFS' FIRST CLAIM FOR RELIEF

### ORS 659A.203 & ORS 659A.199, Retaliation for Whistleblowing

### Against University of Oregon

#### 57.

In answer to paragraph 69 of Plaintiffs' Complaint, Defendants incorporate paragraphs 1 – 56 above as if fully set forth herein.

#### 58.

In answer to paragraphs 70 – 74 of Plaintiffs' Complaint, Defendants deny the allegations.

### PLAINTIFFS' SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983

### United States Constitution, First Amendment

### Against Defendants Kerr, DeWitz, Stanley and Holmes

#### 59.

In answer to paragraph 75 of Plaintiffs' Complaint, Defendants incorporate paragraphs 1 – 58 above as if fully set forth herein.

#### 60.

In answer to paragraphs 76 – 84 of Plaintiffs' Complaint, Defendants deny the allegations.

//

//

//

//

Page 18 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## PLAINTIFFS' THIRD CLAIM FOR RELIEF

### TITLE IX – Against Defendant University of Oregon

#### 61.

In answer to paragraph 85 of Plaintiffs' Complaint, Defendants incorporate paragraphs 1 – 60 above as if fully set forth herein.

#### 62.

In answer to paragraphs 86 – 92 of Plaintiffs' Complaint, Defendants deny the allegations.

## PLAINTIFFS' FOURTH CLAIM FOR RELIEF

### DISABILITY DISCRIMINATION

#### Against Defendant University of Oregon

#### 63.

In answer to paragraph 93 of Plaintiffs' Complaint, Defendants incorporate paragraphs 1 – 62 above as if fully set forth herein.

#### 64.

In answer to paragraphs 94 – 100 of Plaintiffs' Complaint, Defendants deny the allegations.

## PLAINTIFFS' FIFTH CLAIM FOR RELIEF

### OFLA/FMLA VIOLATION

#### Against Defendant University of Oregon

#### 65.

In answer to paragraph 101 of Plaintiffs' Complaint, Defendants incorporate paragraphs 1 – 64 above as if fully set forth herein.

//

//

Page 19 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

66.

Defendants admit the allegations contained in paragraphs 102 – 105 of Plaintiffs' Complaint.

67.

In answer to paragraphs 106 – 110 of Plaintiffs' Complaint, Defendants deny the allegations.

## VII.    AFFIRMATIVE DEFENSES

Without assuming the burden of proof except where required by law, Defendants state as follows:

### First Affirmative Defense

### (Failure to State a Claim)

68.

Plaintiffs' complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

### (Failure to Mitigate)

69.

Plaintiffs have failed to exercise reasonable care and diligence to mitigate alleged damages, if any.  In the event that Plaintiffs establish any claims, Defendants are entitled to an offset in the amount that Plaintiffs could have earned in the exercise of reasonable diligence, and further by the amount of any and all interim earnings to the date of trial.

Stokes was offered a comparable, available position as part of the ADA accommodation process.

Morlok resigned voluntarily, and was provided with an unconditional offer of reinstatement on November 20, 2015.

Page 20 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## Third Affirmative Defense

### (Good Faith Efforts)

70.

At all times, Defendants made good faith efforts to comply with all applicable state and federal laws.

## Fourth Affirmative Defense

### (Duplicative Remedies)

71.

Plaintiffs are not entitled to duplicative remedies for the same underlying actions or omissions under the various statutes invoked in this action.

## Fifth Affirmative Defense

### (Estoppel)

72.

Plaintiffs are estopped from the relief sought by having declined a comparable available position, voluntarily resigned, and/or declined an unconditional offer of reinstatement.

## Sixth Affirmative Defense

### (Compliance with Law)

73.

Defendants' policies and actions were at all times taken as a result of their reasonable good faith understanding of the mandates of state and federal law.

## Seventh Affirmative Defense

### (No Private Right of Action for Administrative Requirements)

74.

There is no private right of action for an alleged violation of Department of Education administrative requirements.

Page 21 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## Eighth Affirmative Defense

### (Eleventh Amendment)

#### 75.

Defendants allege that this court lacks subject matter jurisdiction over Plaintiffs' claims, and that Defendant is immune from suit, in whole or in part, pursuant to the Eleventh Amendment to the United States Constitution.

## Ninth Affirmative Defense

### (Reservation of Rights)

#### 76.

Defendants reserve their rights to allege additional affirmative defenses and to add counterclaims should they become apparent during discovery.

WHEREFORE, Defendants pray for judgment as follows:

1. For judgment against Plaintiff on all claims for relief;

2. For an award of Defendants' reasonable costs, attorneys' fees, and disbursements incurred herein; and

3. For all other and further relief as the court deems just, equitable, and proper.

DATED this 25th day of January, 2016.

BARRAN LIEBMAN LLP

*s/Edwin A. Harnden*

By _____

Edwin A. Harnden, OSB No. 721129
eharnden@barran.com
Shayda Zaerpoor Le, OSB No. 121547
sle@barran.com
Attorneys for Defendants

Page 22 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2016, I served the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** on the following parties:

> Beth Creighton
> Michael E. Rose
> Creighton & Rose, PC
> 815 SW Second Ave., Suite 500
> Portland, OR  97204

by the following indicated method(s):

☑    Electronic Filing

☐    Facsimile

☐    First-class mail, postage prepaid

☐    Hand-delivery

☐    Overnight courier, delivery prepaid

*s/Edwin A. Harnden*
_____
Edwin A. Harnden
Shayda Z. Le

Page 23 – ANSWER AND AFFIRMATIVE DEFENSES

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212